UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWIN H. CROSBY,

                                 Plaintiff,               07-CV-0478A(Sr)

v.

UNITED STATES OF AMERICA,

                                 Defendant.

_____

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #16

Currently before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. #14-4. For the reasons set forth below, it is recommended that defendant's motion be granted.

## BACKGROUND

Plaintiff alleges that he suffered injury as a result of negligent medical treatment provided by the Department of Veterans' Affairs ("V.A."), at its medical clinics in Billings, Montana and Roseburg, Oregon between August 19, 2002 and January 5, 2004. Dkt. #14-2, ¶ 1.

Plaintiff filed a Form 95 Claim for Damage, Injury, or Death on May 12, 2004. Dkt. #14-2, ¶ 3. Specifically, plaintiff alleges that he was denied adequate

treatment for rising glucose levels which developed into diabetes and caused his admission to the emergency room with a glucose level of 801. Dkt. #14-2, ¶ 7. The V.A.'s Office of Regional Counsel in Portland, Oregon issued a Notice of Final Denial of Administrative Tort Claim dated March 1, 2006. Dkt. #14-2, ¶ 3. The letter advised plaintiff that he could file suit in federal court, pursuant to the Federal Tort Claims Act ("FTCA"), "within 6 months after the date of the mailing of this final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). Dkt. #14-2, p.11.

Dallas Kilby, a Claims Assistant at the V.A. Veterans Benefits Administration Regional Office in Portland, Oregon, affirms that she personally mailed, *via* certified mail, the Notice of Final Denial Of Administrative Tort Claim to plaintiff at his post office box in Batavia, New York on March 7, 2006. Dkt. #14-6, ¶ ¶ 2-3; Dkt. #14-7, ¶ 3. Ms. Kilby also affirms that tracking information from the United States Post Office establishes that the letter was received in Batavia, New York on March 10, 2006 and forwarded, pursuant to plaintiff's instructions, to Albion, New York, where it was delivered to plaintiff on March 14, 2006. Dkt. #14-6, ¶ 5.

Plaintiff, represented by counsel, commenced this action in the Northern District of New York by Complaint filed on September 11, 2006. Dkt. #14. By Stipulation and Order entered July 12, 2007, venue was transferred to the Western District of New York without prejudice to resolution of defendant's pending motion to dismiss the complaint. Dkt. #14-18.

**DISCUSSION**

Defendant argues that this Court lacks subject matter jurisdiction over plaintiff's complaint because it was not filed within six months of mailing of the Notice of Final Denial of Administrative Tort Claim. Dkt. #14-5, pp.6-8.

In a memorandum of law in opposition to the motion to dismiss, plaintiff states that although the complaint was prepared and signed on September 8, 2006, it was

> brought to the Federal District Court at 4:10 pm on Friday, September 8, 2006. The Clerk's Office had closed at 4:00 pm. The last time we had checked, we understood that the Court was open until 4:30 pm. We were obviously mistaken. As the Federal District Court was not open on Saturday or Sunday, the papers were filed at the first opportunity on Monday, September 11, 2006.

Dkt. #14-10, p.2. Plaintiff argues that because the VA failed to render a decision within six months of filing of the Claim for Damage, Injury, or Death, he may elect the date upon which the statute of limitations begins to run. Dkt. #14-10, p.7. Plaintiff asserts that the statute of limitations should not begin to run until the date plaintiff actually received the denial of his notice of claim. Dkt. #14-10, p.3.

<u>Fed. R. Civ. P. 12(b)(1) Standard</u>

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the Court lacks the statutory or constitutional power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving subject matter jurisdiction by a

preponderance of the evidence. *Id.* In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. *Id.* However, the Court "must accept as true all material allegations in the complaint" and interpret a plaintiff's *pro se* complaint "to raise the strongest arguments" that the allegations suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Federal Tort Claims Act

"In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government for claims based on the negligence of its employees." *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000). Specifically, the FTCA authorizes suits against the government to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Before a claimant may commence such an action against the United States, he or she must comply with 28 U.S.C. § 2675 and exhaust all administrative remedies. This statute provides, in relevant part, that

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of

> property or personal injury or death caused by the negligent
> or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or
> employment, unless the claimant shall have first presented
> the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and
> sent by certified or registered mail. The failure of an agency
> to make final disposition of a claim within six months after it
> is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for
> purposes of this section.

28 U.S.C. § 2675. As plaintiff did not opt to deem his claim denied prior to receipt of the Notice of Final Denial Of Administrative Tort Claim, however, this statute is irrelevant for purposes of determining the timeliness of this action. *See Ellison v. U.S.*, 531 F.3d 359, 363 (6th Cir. 2008) ("option to 'deem' a claim constructively denied evaporates once the agency actually denies the claim,"); *Anderson v. U.S.*, 803 F.2d 1520, 1522 (9th Cir. 1986).

> Instead, plaintiff is bound by 28 U.S.C. § 2401(b), which provides that
>
> A tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal
> agency within two years after such claim accrues or unless
> action is begun within six months after the date of mailing,
> by certified or registered mail, of notice of final denial of the
> claim by the agency to which it was presented.

"Unless a plaintiff complies with [28 U.S.C. § 2401(b)], a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). "The burden is on the plaintiff to plead and prove compliance with § 2401(b)." *Id.*

In the instant case, the Notice of Final Denial Of Administrative Tort Claim was mailed by certified mail on March 7, 2006. Dkt. #14-6, ¶ ¶ 2-3; Dkt. #14-7, ¶ 3. Pursuant to Rule 6(a)(1), the day of mailing is excluded from the computation of time, so the limitation period began to run on March 8, 2006. *See Murray v. United States Postal Serv.*, 569 F.Supp. 794, 796 (N.D.N.Y. 1983). Since March 8th is the first day of the first month, it follows that the last day of the first month is April 7th. *See Id.* Thus, the sixth month period expired on the last day of the sixth month, *to wit*, September 7, 2006. *See Id.; see also Greenberg v. Kraich*, No. 04 Civ. 3647, 2004 WL 2414006, at *3 (S.D.N.Y. Oct. 28, 2004) (where denial letter was mailed on August 22, 2004, plaintiff's time to file suit expired on February 22, 2004); *Santiago v. United States,* No. CV-02-4896, 2004 WL 758196 (E.D.N.Y. Jan. 28, 2004) (collecting cases). As plaintiff's complaint was not filed on or before September 7, 2006, this Court lacks subject matter jurisdiction over his claim.

With respect to plaintiff's remaining arguments, the Court notes that for purposes of calculating the statute of limitations in an FTCA claim, it is irrelevant when plaintiff actually received the notice of denial. *See Hunt v. United States*, No. 1:07-CV-0112, 2007 WL 2406912, at *2 (N.D.N.Y. August 21, 2007). Moreover, the facts of this matter do not warrant equitable tolling. *State Farm Mut. Auto Ins. Co v. United States,* No. 04-CV-4036, 2005 WL 2736556, at *2 (E.D.N.Y. Oct. 17, 2005) (alleged delay in receipt of denial insufficient to justify equitable tolling of limitation); *Nationwide Mut. Ins. Co. v. United States.*, No. 04 Civ. 3293, 2004 WL 2725037, at *2 (S.D.N.Y. Nov. 24, 2004) (interests of justice could not save complaint filed 21 days after the expiration of

the six month limitation); *Long v. Card*, 882 F. Supp. 1285 (E.D.N.Y. 1995) (discussing requirements for equitable tolling in an FTCA case).

## **CONCLUSION**

Based on the foregoing, it is hereby recommended that defendant's motion to dismiss (Dkt. #14-4), be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v.*

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED: Buffalo, New York
April 13, 2009

   **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**